**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000839
22-NOV-2017
12:56 PM**

NO. CAAP-16-0000839

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAII, Plaintiff-Appellee,
v.
MARK TATSUO YAMAGUCHI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CASE NO. 3DCW-16-0000490)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Mark Yamaguchi (**Yamaguchi**) appeals from a Judgment and Notice of Entry of Judgment, entered on September 20, 2016, by the District Court of the Third Circuit (**district court**).[1] The district court convicted Yamaguchi of one count of Terroristic Threatening in the Second Degree (**TT2**), in violation of Hawaii Revised Statutes (**HRS**) § 707-717(1) (2014)[2]

---

[1] The Honorable Harry P. Freitas presided.

[2] HRS § 707-717(1) provides:

   **[§707-717] Terroristic threatening in the second degree.** (1) A person commits the offense of terroristic threatening in the second degree if the person commits terroristic threatening other than as provided in section 707-716.

"Terroristic threatening" is defined in HRS § 707-715 (2014) as follows:

(continued...)

and one count of Harassment, in violation of HRS § 711-1106(1) (2014). On appeal, Yamaguchi argues that the district court wrongly convicted him of TT2 because Plaintiff-Appellee State of Hawai'i (**State**) failed to negate his claim of self-defense under HRS § 703-304(1) (2014).[3] Yamaguchi does not challenge his conviction for Harassment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Yamaguchi's point of error as follows and affirm.

Viewed in the light most favorable to the prosecution, especially given that credibility determinations are the trial court's province, there is substantial evidence negating Yamaguchi's self-defense claim. See State v. Lubong, 77 Hawai'i 429, 432, 886 P.2d 766, 769 (App. 1994).

There is substantial evidence in this case that Yamaguchi did not subjectively believe he was in danger of being harmed when he picked up the four-to-five pound volcanic rock that Sybastian Keltner (**Sy**) and Tory Keltner (collectively, **the Keltners**) feared would be thrown at Sy. Yamaguchi testified that Sy yelled at him from far away and that "[Sy] was scared of me, yeah. That's why he can talk; he can talk big from far." The

---

[2](...continued)

**§707-715 Terroristic threatening, defined.** A person commits the offense of terroristic threatening if the person threatens, by word or conduct, to cause bodily injury to another person or serious damage or harm to property, including the pets or livestock, of another or to commit a felony:

    (1)    With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person; or

    (2)    With intent to cause, or in reckless disregard of the risk of causing evacuation of a building, place of assembly, or facility of public transportation.

[3] HRS § 703-304(1) provides:

**§703-304 Use of force in self-protection.** (1) Subject to the provisions of this section and of section 703-308, the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion.

district court reasonably inferred from this that Yamaguchi did not feel threatened. Lubong, 77 Hawai'i at 433, 886 P.2d at 770. Further, the district court found the Keltners' testimony credible and they testified that after Yamaguchi picked up the rock and it appeared he was going to throw it at Sy, at that point Yamaguchi turned around, went toward his property, but then returned and threw eggs at the Keltners. This provides further evidence from which the district court could have reasonably inferred that Yamaguchi was not fearful or intimidated by the Keltners and did not subjectively believe that force was necessary to protect himself.

Even if Yamaguchi actually did feel threatened, there is substantial evidence that a reasonable person in Yamaguchi's position would not have found it necessary to use force for the purpose of self-protection. HRS § 703-304(1); Lubong, 77 Hawai'i at 433, 886 P.2d at 770. The Keltners testified that Yamaguchi hoisted the large rock (which Sy testified was the size of a "good sized grapefruit"), cocked back his arm, and stepped toward Sy, as if preparing to pitch the rock at him. The Keltners testified that Yamaguchi instigated the confrontation by yelling and screaming accusations and profanities at them while he was on their property. See State v. Mailo, No. 28512, 2008 WL 5053563, at *1, (Haw. App. Dec. 1, 2008) (SDO). Further, the Keltners testified that they were never closer than five feet away from Yamaguchi, there is evidence that the Keltners did not threaten Yamaguchi, and Yamaguchi testified that Sy did not do anything physical to him.

Given the above, there is substantial evidence in the record supporting the district court's ruling that the prosecution proved beyond a reasonable doubt facts negativing Yamaguchi's claim of self-defense.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered on September 20, 2016, by the District Court of the Third Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, November 22, 2017.

On the briefs:

Leneigha S. Downs,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

Diamond U. Grace,
Deputy Public Defender,
State of Hawaiʻi,
for Defendant-Appellant.

Chief Judge

Associate Judge

Associate Judge

4